**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD JOHNSON,<br><br>       Plaintiff,<br><br>       v.<br><br>STUART SHERMAN, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:19-cv-00984-SAB (PC)<br><br>SECOND SCREENING ORDER GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO FILE AN AMENDED COMPLAINT<br><br>[ECF No. 10] |

Plaintiff Reginald Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 9, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[ ] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Stuart Sherman Warden at the California Substance Abuse Treatment Facility and State Prison (SATF) as the sole Defendant.

SATF was originally constructed approximately twenty years ago. On information and belief, SATF has not undergone any rehabilitation, modification or significant repair since being built. SATF consists of seven separate yards, each having a design capacity of approximately 500 inmates. Plaintiff is a level two special needs yard inmate, and there are three separate housing buildings on F-yard. In addition, the F-yard also contains a separate kitchen and dining facility.

On December 24, 2018, Plaintiff found a foreign object/roaches crawling on his food tray, which fell into his salad. Plaintiff informed the officer working the dining hall.

On December 27, 2018, Plaintiff found a foreign object/roaches in his food tray, and previously had contaminated water fall from the ceiling into his food tray. Plaintiff informed officer Diaz of the incident.

1    Defendant Sherman has failed and refused to maintain SATF in conformity with the laws and

2    constitution of the United States.  Although Defendant knew of the deteriorating physical plant at

3    SATF for many years, he failed and refused to remedy the substandard living conditions at SATF.  F-

4    yard dining and kitchen roofs leak.  During the rainy season, there is continuous flooding in the dining

5    facility, the visiting facility, the educational facility, the housing unit common areas and the pods

6    themselves.  Inmates often awaken to the sound of rain actually coming into the pods.  The Facility F

7    dining hall roof is not completely protected from water intrusion during periods of rain, and waters

8    enters the hall when it rains.

9    Plaintiff must collect and consume his foods in the SATF Facility F dining hall, and he has no

10    choice of where to sit and consume his meals after entering the hall.  Plaintiff walks and consumes his

11    food and drinks in the areas where rainwater pools on the floor after it passes over electrical

12    appliances.  Water has fallen into Plaintiff's food and on his head after dripping from the ceiling tiles.

13    Water has also dripped onto Plaintiff and his clothing from the ceiling exposing him to an

14    unreasonable risk of being infected with mold.

15    Defendant has been aware of the fact that the F-yard dining facility is infested with vermin for

16    many years.  On information and belief there have been numerous complaints by staff and inmates

17    over the years, all of which have been ignored.  On November 4, 2018, Facility F I.A.C. executive

18    body food services chairman Williams, stated the kitchen has a roaches infestation, black mold on the

19    food-line and restrooms, the B section ventilation system is located directly over the food and is

20    blowing out foreign object/roaches, also workers are overworked, overwhelmed and most do not get

21    paid.

22    Plaintiff is sickened by the unabated filth and unsanitary conditions in which his food was

23    prepared, handled and served.  As a direct result of Defendant's deliberate indifference to Plaintiff's

24    health and safety.  Plaintiff was required to seek psychological and psychiatric care for the severe

25    shock and anxiety he experienced as a result.

26    ///

27    ///

28    ///

3

# III.

# DISCUSSION

## A. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan v. Morgensen, 465 F.3d at 1045 (citing Rhodes v. Chapman, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan v. Morgensen, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes v. Chapman, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer v. Brennan, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan v. Morgensen, 465 F.3d at 1045; Johnson v. Lewis, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In Rhodes, the Supreme Court found that in order to state an Eighth Amendment claim, the conditions must "inflict[] unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. at 348-49. The Court cautioned against finding violations based upon "an aspiration toward an ideal environment for long-term confinement." Id. In addition, the Constitution does not mandate comfortable prisons. Id.

4

**B.     Official Capacity**

Plaintiff brings this action against Defendant in their individual capacities.  However he also states that Defendant acted "under color of law, statue [sic], custom or usage, and pursuant to his official authority."  To the extent that Plaintiff seeks to allege a claim against the named defendants in their official capacity, he has failed to state a claim.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  A suit brought against government officials in their official capacity is generally equivalent to a suit against the government itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986).  Therefore, officials may be held liable if " 'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985).  The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement, 298 F.3d at 905 (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989); see Long, 442 F.3d at 1185; Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

First, Plaintiff cannot receive monetary damages for claims brought against the defendants in their official capacity.  Second, Plaintiff's complaint does not identify any policy or custom that played a part in the alleged deprivation.  To state a claim Plaintiff must identify the policy at issue and allege sufficient facts to link the named defendant to the policy that violated his federal rights. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997).

**C.     Notice of Related Cases**

On August 9, 2019, Plaintiff filed a notice of related cases.

Plaintiff states that Joseph D. Rodriguez v. Stuart Sherman, No. 1:15-cv-01754-LJO-EPG (PC) and Edward Spencer v. Stuart Sherman, No. 1:17-cv-00479-AWI-GSA contain virtually the same the allegations for the adverse conditions of confinement and the parties reached a settlement agreement. To the extent that Plaintiff seeks for this Court to find that Plaintiff has stated a claim and order service in this case based on Rodriguez and Spencer, although the complaints generally allege similar conditions of confinement, the Court only considers the factual allegations set forth in Plaintiff's complaint to

1 | determine if a cognizable claim has been stated.

2 | To the extent that Plaintiff may be seeking to have these actions related, the Local Rules of the

3 | Eastern District of California provide that where a notice of related case is filed, the actions may be

4 | reassigned to a single judge if it is determined that it would be likely to effect a savings of judicial effort

5 | or other economies. Local Rule 123(c). Here, both cases which Plaintiff has identified as being related

6 | have settled and are closed. Therefore, reassignment in this instance would not be likely to effect a

7 | savings of judicial effort or other economies and therefore this case should not be reassigned.

8 | **IV.**

9 | **CONCLUSION AND ORDER**

10 | For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted

11 | leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can

12 | do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

13 | Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each

14 | named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at

15 | 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

16 | above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may

17 | not change the nature of this suit by adding new, unrelated claims in his amended complaint. George,

18 | 507 F.3d at 607 (no "buckshot" complaints).

19 | Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey

20 | v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must

21 | be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

22 | Based on the foregoing, it is HEREBY ORDERED that:

23 | 1. Plaintiff's request to relate this case is denied;

24 | 2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

25 | 3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an

26 | amended complaint;

27 | 4. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and

28 | 5. If Plaintiff fails to file an amended complaint in compliance with this order, the Court

1       will recommend to the assigned district judge that this action be dismissed consistent

2       with the reasons stated in this order.

3

4 IT IS SO ORDERED.

5 Dated:   **August 19, 2019**

6                           UNITED STATES MAGISTRATE JUDGE